[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant, John LoRusso, filed a motion to dismiss based CT Page 5238 on the insufficiency of the service of process upon him. See Practice Book § 143, now Practice Book (1998 Rev.) § 10-31. The defendant claims that this insufficiency deprives the court of subject matter jurisdiction.
"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over theperson. (Emphasis in original; internal quotation marks omitted.)Bridgeport v. Debek, 219 Conn. 175, 179-80, 554 A.2d 728 (1989). Therefore, the court will view this motion as a motion to dismiss for lack of personal jurisdiction over the defendant.
The defendant has attached to his unopposed motion an affidavit which indicates that he did not live at the address where the sheriff's return states abode service was made.[1]
"Where . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. . . ." (Citation omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62 n. 1, 539 A.2d 1000 (1988).
This motion and affidavit are unopposed. Therefore, the court may conclude that the defendant indeed did not reside where abode service was attempted to be made upon him. Insufficiency of service of process deprives the court of personal jurisdiction over the defendant not served. The motion to dismiss based on a lack of personal jurisdiction over the defendant, therefore, is granted.
So Ordered.
D'ANDREA, J.